March 31, 2006

James Polt
201 E. 9th Ave #216
Anchorage, AK 99501

RECEIVED
JUL 0 6 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

Dear Mr. Polt,

I need the attached forms signed and brought back to me as soon as possible. Your help with this matter is greatly appreciated.

Thank you,

*Amy Danner*
Amy Danner
Resident Manager

Exhibit B
PROOF OF COERCION and Interference.




# Municipality of Anchorage

632 West 6th Avenue, Suite 110 • Telephone: (907) 343-4342 • Fax: (907) 343-4395 • TTY: (907) 343-4894
Mailing Address: P.O. Box 196650 • Anchorage, Alaska 99519-6650
http://www.muni.org

*Mayor Mark Begich*

## Equal Rights Commission

James Polt
645 G Street, Ste 100 #765
Anchorage, Alaska 99501

Anchorage Neighborhood Housing
Adelaide Apartments
201 E 9th Avenue
Anchorage, Alaska 99501

RE: James Polt v. Anchorage Neighborhood Housing/Adelaide Apartments
    AERC Complaint No.:  K6-011

### PRE-DETERMINATION SETTLEMENT AGREEMENT

I. **GENERAL PROVISIONS**

  A. A complaint has been filed with the Anchorage Equal Rights Commission (hereafter "the Commission") by the above-named Complainant against the above-named Respondent, under the provisions of the Municipality of Anchorage equal rights law, A.M.C. 5.10.010 through 5.80.090.

  B. The Commission has accepted the complaint for investigation; however, this settlement is reached prior to the conclusion of the investigation process. No determination has been made as to whether there is or is not substantial evidence supporting the allegations of discrimination.

  C. It is agreed this agreement constitutes a total settlement of the issues between the parties in this case.

  D. This agreement does not constitute an admission by the Respondent of any violation of the Municipality of Anchorage Equal Rights Law, or of the Americans with Disabilities Act (ADA) of 1990, as amended.

  E. Likewise, this agreement does not constitute an admission by the Complainant that his claims as alleged in the discrimination complaint are without merit or are not supported by substantial evidence. Further, this agreement does not represent

G:\erc\Cases\Polt v ANHS Adelaide Apts\PDS Agreement.doc

*Community, Security, Prosperity*

an admission or statement by any party regarding the requirements or remedies available under the Municipality of Anchorage equal rights law, of the Americans with Disabilities Act (ADA) of 1990, as amended.

F. All parties agree that on request of any party, or on its own motion, the Commission may review any party's compliance with this agreement. As a part of such review, the Commission may require written reports concerning compliance, inspect premises, interview witnesses, and examine and copy documents. If either Respondent or Complainant do not comply with the terms of this agreement, fail to provide information requested by Commission staff showing compliance, or fail to allow review of compliance, inspection of premises, interview of witnesses or examination and copying of documents, any costs, including attorneys fees, incurred by the Commission in connection with seeking to review compliance or in connection with seeking enforcement before the Superior Court, shall be the legal responsibility of the party found by the Commission or the court to be in non-compliance with this agreement.

G. The parties agree that the terms of this agreement are legally binding in the same manner and to the same extent as a Commission Order issued following a public hearing pursuant to Anchorage Municipal Code (A.M.C.) 5.70.140. This agreement shall be enforceable in any court of competent jurisdiction to the fullest extent provided by law.

II. THE COMMISSION

A. All parties agree that the Commission shall close, and the Commission agrees to close the case and refrain from seeking other statutory remedies relating to the above-captioned complaint, subject to the parties' compliance with the terms of this agreement.

B. The Commission will submit this agreement, if applicable, to the EEOC pursuant to the Commission's worksharing agreement with this agency.

III. COMPLAINANT

A. The Complainant hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

B. The Complainant hereby agrees not to sue Respondent pursuant to the Municipality of Anchorage equal rights law or other applicable civil rights laws with respect to any of the allegations in Complainant's discrimination complaint of January 12, 2006, subject to Respondent's compliance with this agreement.

    C.    Complainant releases and forever discharges the Respondent, its predecessors or successors in interest, assigns, agents, employees and all other persons liable, who might claim to be liable, individually and collectively, of and from all actions, causes of actions, suits under the Americans with Disabilities Act (ADA) of 1990, as amended, all other lawsuits, administrative proceedings, controversies, claims, damages, and demands of every kind and nature, arising out of the facts surrounding Complainant's discrimination complaint of January 12, 2006.

IV.    **RESPONDENT**

    A.    The Respondent hereby waives all further administrative proceedings before the Commission on this matter, including a public hearing before the Commission.

    B.    The Respondent acknowledges and agrees that this agreement shall not be interpreted to mean the Respondent is absolved from any duty or legal obligation to afford equal opportunities or affirmative action as may be required under other applicable laws and regulations.

    C.    Respondent affirms and agrees it will not discriminate against any person on the basis of race, color, sex, religion, national origin, marital status, age, or physical or mental disability. Respondent agrees and asserts its belief that discrimination based on race, color, sex, religion, national origin, marital status, age, physical or mental disability should not be a factor in housing and requests for reasonable accommodations.

    D.    Respondent agrees to post in a conspicuous location an Anchorage Equal Rights Commission informational poster, provided free of charge to Respondent.

    E.    Respondent agrees Complainant will not be penalized in any way or retaliated against because of the filing of this complaint of discrimination.

    F.    Respondent will maintain all documentation related to the Commission complaint and this settlement in a legal file apart from Respondent's rental files and no other reference to this matter is to be made in Complainant's rental file. The legal file may be cross-referenced in a neutral manner, for purposes of enforcing this agreement.

    G.    Nothing in this Agreement prohibits Respondent from requiring Complainant to comply with all of its policies, rules or regulations or from requiring Complainant to meet the standards outlined in a written rental agreement or lease agreement.

    H.    Respondent agrees to provide its housing managers and director of housing with training regarding discrimination in housing. Training is to be a minimum of two (2) hours and conducted by a recognized and/or qualified trainer or individual. Training shall cover reasonable accommodation requests. Respondent will contact

the Commission by March 31, 2006, to provide a copy of the training agenda and provide the name and qualifications of the trainer to verify that the training meets the requirements of this Agreement. Training is to be completed by May 31, 2006. Respondent will provide a list of all persons who completed the training and a copy of any training material to the Commission by June 15, 2006.

I. Respondent agrees to provide a current written policy addressing requests for reasonable accommodation. If no such exists, Respondent agrees to develop a policy addressing requests for reasonable accommodation requests subject to approval by the Commission by April 10, 2006 and will be implemented by May 10, 2006.

J. Respondent agrees to place weather stripping on the entry door of apartment unit #215 in order to reduce noise when the door is being closed. Respondent agrees the amount of weather stripping or noise abatement material to be placed on unit #215's door will be equal to or exceed the amount currently on Complainant's entry door into unit #216. In addition, Respondent agrees to adjust the automatic closing arm on unit #215's door so that it provides the maximum amount of resistance while still allowing the door to close. Respondent agrees to place sound dampers on unit #215's cabinet doors to reduce the noise when cabinet doors are closed. Respondent agrees to provide Complainant a letter of apology regarding his experience with noise while residing at Respondent's complex. Respondent agrees to complete these items by April 10, 2006. Respondent shall notify the Commission by letter of the completion of these items by May 10, 2006.

V. **OPPORTUNITY TO REVIEW AND SIGN AS VOLUNTARY ACT**

Respondent and Complainant, by their signatures hereto, acknowledge that each have had an adequate opportunity to review this Agreement, seek advice of independent counsel if they so desire, and are signing this Agreement of their own free will without any compulsion, duress or coercion.

I, James Polt, say that I am the Complainant named in this Agreement. I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

_____   _____
DATE                          James Polt, COMPLAINANT

G:\erc\Cases\Polt v ANHS Adelaide Apts\PDS Agreement.doc
Page 4

I, Michael Courtney, am the Director of Housing, of the Respondent named in this Agreement, I have read this Agreement and understand its contents. I have signed this Agreement freely and voluntarily.

_____  _____
DATE                 Anchorage Neighborhood Housing, RESPONDENT

                     By: <u>Michael Courtney</u>
                     Its: <u>Director of Housing</u>


FOR THE ANCHORAGE EQUAL RIGHTS COMMISSION:


_____  _____
DATE                 BARBARA A. JONES
                     EXECUTIVE DIRECTOR
                     ANCHORAGE EQUAL RIGHTS COMMISSION