IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JAMES ANDREW POLT,<br><br>    Plaintiff,<br><br>vs.<br><br>ANCHORAGE NEIGHBORHOOD<br>HOUSING SERVICES, INC.,<br><br>    Defendants. | Case No. 3:06-cv-00163-TMB<br><br><u>ORDER OF DISMISSAL</u> |

On July 6, 2006, James Andrew Polt, representing himself, filed another civil rights complaint against Anchorage Neighborhood Housing Services, Inc. (ANHS), this time claiming that his rights were violated because he decided not to sign a settlement agreement, and yet he was given a copy of the agreement the following day.[1] Mr. Polt has also filed an application to waive the filing fee.[2]

The Court must, therefore, screen Mr. Polt's complaint, and dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

---

[1] *See* Docket Nos. 1, 6, 8.

[2] *See* Docket Nos. 4, 5.

granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[3]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases.  It is Mr. Polt's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[4] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[5] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[6]

In conducting its review of a self-represented plaintiff's pleadings, the Court is mindful that it must liberally construe the complaint, and give the plaintiff the

---

[3] 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," and subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave waive the filing fee "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[4] *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[5] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[6] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

benefit of any doubt.[7] Before a court may dismiss Mr. Polt's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[8] Here, amendment would be futile.

### Frivolous Claims

Mr. Polt has filed other civil rights actions in this and other courts, most of which involve claims against ANHS.[9] Mr. Polt's current allegation, that he was injured because he became frustrated at the length of time it took ANHS to sign a

---

[7] See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe pro se pleadings liberally."); Jackson v. Carey, 353 F.3d 750 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."); Frost v. Symington, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

[8] See Schmier v. U.S. Court of Appeals for Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987); see also Jackson v. Carey, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996)"); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[9] See Case No. 3:06-cv-00092-JWS; Case No. 3:06-cv-00119-TMB, and Docket No. 13, listing Mr. Polt's previous state court cases.

settlement agreement and so decided to cancel the settlement, and that ANHS nevertheless gave him a copy of the settlement the following day, is frivolous. "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact."[10] A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims."[11]

### Failure to State a Claim

In addition, Mr. Polt has failed to state a claim under federal civil rights law, because he not stated any facts in his complaint which indicate that ANHS has "deprived [him] of a constitutional right."[12]

---

[10] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Martin v. Sias*, 88 F.3d 774, 775 (9th Cir. 1996); *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[11] *Cato*, 70 F.3d at 1105 n. 2 (citations and internal quotations omitted). *See also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing that an IFP litigant may lack the economic incentives to refrain from filing frivolous or repetitive lawsuits).

[12] *Balistreri v. Pacifica Police Dept.*, 901 F.2d at 699 (citations omitted).

**IT IS THEREFORE ORDERED:**

1. This action is DISMISSED, under 28 U.S.C. § 1915(e)(2)(B), with prejudice.[13]

2. Mr. Polt's application to waive the filing fee is DENIED.

3. Mr. Polt's request, at docket number 9, for an original document which is attached to his initial complaint, so that he can attach that document to his amended complaint, is DENIED as moot.

DATED this 28th day of July, 2006, at Anchorage, Alaska.

/S/TIMOTHY M. BURGESS
United States District Judge

---

[13] *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (dismissal, with prejudice, upheld after "weigh[ing] the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/ respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits").